CRAWFORD, Chief Judge
(concurring in part and in the result):
I agree with the result in this case but I “would reserve for another day the questions of whether and how Lawrence [v. Texas, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003)] applies to the military.”[1] Like United States v. Marcum, “the factual differences between Lawrence and Appellant’s case are striking” for the reasons mentioned by the majority as well as the circumstances surrounding the charges themselves.[2] “Unlike the petitioners in Lawrence, who were both charged with, and convicted of, consensual sodomy without any evidence of force,” there was “probable cause that Appellant committed the general offense described in Article 125 with the added element of force,”[3] notwithstanding the reversal of his first conviction. Thus, this is not a case where there was no evidence of force whatsoever. And as the majority notes, this case is one of the exceptions to Lawrence.[4]
If the facts and circumstances of Appellant’s case fit into one of the enumerated Lawrence exceptions, then it only logically follows that it is not necessary even to assume that the Lawrence constitutional analysis applies.
Thus, I concur in part and in the result.

. 60 M.J. 198, 212 (C.A.A.F.2004)(Crawford, C.J. dissenting on Issue I and concurring in the result on Issue III).

. Id.

. Id. at 214.

. The present case does not involve minors, it does not involve persons who might be injured or coerced who are situated in relationships where consent might not easily be refused. Lawrence, 539 U.S. at 578, 123 S.Ct. 2472.